UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| NORMA SANTIAGO<br><br>Plaintiff,<br>v.<br><br>APOTHAKER SCIAN, P.C., et al<br><br>Defendants. | Civil Action No.<br><br>**OPINION AND ORDER ON DISCOVERY DISPUTE**<br><br>2:16-CV-1432-CCC-SCM<br><br>**[D.E. 20]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Plaintiff, Norma I. Santiago's ("Ms. Santiago") informal discovery motion seeking to compel discovery regarding the net worth of Defendants, Apothaker Scian P.C. ("Apothaker Scian") and David J. Apothaker ("Mr. Apothaker") (collective "the Apothaker Scian Defendants").[1] The Court heard argument regarding this motion on April 24, 2017 and has also considered the written arguments of the parties. For the following reasons, the Court grants in part and denies in part the informal motion.

I.  **BACKGROUND AND PROCEDURAL HISTORY**[2]

In this putative class action, Ms. Santiago alleges that Defendants, Apothaker Scian and Mr. Apothaker, the principal owner of Apothaker Scian, violated the Fair Debt Collection Practices Act ("the Fair Debt Act") by threatening and filing suit on debts barred by the four-year statute of

---

[1] (ECF Docket Entry No. ("D.E.") 20).

[2] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

limitations.³ Ms. Santiago opened a store credit card and defaulted on the account in October 2010.⁴ Cavalry SPV I, LLC purchased Plaintiff's debt after she defaulted, and hired Apothaker Scian to collect the debt.⁵ On or about March 13, 2015, Apothaker Scian mailed a collection letter to Ms. Santiago in an attempt to collect the debt, on stationary bearing Apothaker Scian's law firm letterhead.⁶ On April 29, 2015, Apothaker Scian initiated a collection lawsuit on behalf of its client against Ms. Santiago in an attempt to collect the debt.⁷

Ms. Santiago alleges that the Apothaker Scian Defendants' filing of the collection complaint caused her to make payment towards the debt that is time-barred by the statute of limitations.⁸ She further alleges that the Apothaker Scian Defendants engaged in unfair and deceptive acts and practices in violation of the Fair Debt Act, by sending letters that attempted to settle time-barred debts without disclosure of that fact and the legal consequences thereof.⁹ Finally, Ms. Santiago also seeks to bring this action individually and as a class action on behalf of all others similarly situated.¹⁰

---

³ (D.E. 1 ¶¶ 4-6, 71).

⁴ (D.E. 1 ¶¶ 17-22, 26).

⁵ (D.E. 1 ¶¶ 28-30, 35).

⁶ (D.E. 1 ¶ 36, 38).

⁷ (D.E. 1 ¶ 64; Exh. B).

⁸ (D.E. 1 ¶ 71).

⁹ (D.E. 1 ¶¶ 36-48).

¹⁰ (D.E. 1 ¶ 74).

On March 7, 2017, the parties filed a joint dispute letter regarding whether the Apothaker Scian Defendants should be compelled to produce certain discovery regarding their respective net worth.[11] Specifically, Ms. Santiago seeks to obtain discovery responses to her Interrogatories numbered 19 to 22 and Requests for Production numbered 38 to 42.

## II.  MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[12] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[13] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[14]

## III.  LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[15]

---

[11] (D.E. 20).

[12] 28 U.S.C. § 636(b)(1)(A).

[13] L. Civ. R. 72.1(a)(1); 37.1.

[14] 28 U.S.C. § 636(b)(1)(A).

[15] Fed. R. Civ. P. 26(b)(1)-(2).

"Although the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed."[16]

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[17] District courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage.[18] Accordingly, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[19]

## IV. DISCUSSION AND ANALYSIS

The issues before the Court are: (1) is Ms. Santiago entitled to discovery on net worth before class certification, and (2) if so, whose net worth is discoverable?

The Fair Debt Act provides that any debt collector who fails to comply with the Fair Debt Act in a class action is liable for:

> (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and
> (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the ***net worth*** of the debt collector.[20]

---

[16] *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

[17] Fed. R. Evid. 401.

[18] *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

[19] FED. R. CIV. P. 26(b)(1).

[20] 15 U.S.C. § 1692k(a)(2)(B) (emphasis added).

Liability is imposed on "any debt collector who fails to comply with any provision of this chapter."[21] Neither of the Apothaker Scian Defendants has conceded that it is a "debt collector" as defined by the Fair Debt Act.

The Court finds that discovery regarding net worth is relevant prior to class certification. Many courts have determined that discovery is helpful and relevant in determining whether to certify a class and especially in evaluating the class certification factor of superiority, i.e., whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy at issue.[22] In determining whether to certify a class, the *Barkouras v. Hecker* court, considered net worth in evaluating the superiority of the class action as the form of adjudication.[23] Although the *Barkouras* defendants argued that the court should not certify the class because the net worth was negative and there would be no recovery for class members, the court still certified the class, finding that if the net worth was truly negative, no plaintiff would be able to recover any amount, either as a class or individually.[24] Other courts have found that such information is relevant to having meaningful settlement negotiations, and that the one case denying such discovery is "an anomaly on the issue of relevancy of net worth."[25]

---

[21] 15 U.S.C. § 1692k(a).

[22] *Green v. Monarch Recovery Management, Inc.*, 997 F.Supp.2d 932, 935 (S.D. Ind. 2014). *See also, Bode v. Encore Receivable Management Inc.,* No. 05–CV–1013, 2006 WL 801017, at *1 (E.D. Wisc. March 29, 2006); *Anchondo v. Anderson, Crenshaw & Associates*, 256 F.R.D. 661, 668-69 (D.N.M. 2009); *Barkouras v. Hecker,* Civ. No. 06–0366(AET), 2006 WL 3544585 (D.N.J. Dec. 8, 2006); *Mund v. EMCC, Inc.,* 259 F.R.D. 180 (D. Minn. 2009); *Kohlenbrener v. Dickinson,* No. 94 C 4696, 1996 WL 131736 (N.D. Ill. March 15, 1996).

[23] *Barkouras*, 2006 WL 3544585, at *3.

[24] *Id*. at *3.

[25] *See Green*, 997 F.Supp.2d at 935.

As for discovery regarding the net worth of Mr. Apothaker, principal owner of Apothaker Scian, this information appears to be irrelevant. Ms. Santiago does not cite to any case law that supports her proposition that she is entitled to obtain the net worth of the principals or owners of the unincorporated entity that is collecting the debt.[26] The case law that she cites is distinguishable from the facts at issue here.[27] In those cases, the issue was whether various different entities were considered debt collectors" under the Fair Debt Act, even if they were not themselves collecting the debt but had hired a third party to do so.[28] The courts held that in those circumstances, the debt owner who hired a third party to collect the debt could be held vicariously liable for violating the Fair Debt Act, and that their net worth was discoverable.[29]

Here, the defendants are not different entities who hired others to collect a debt, but involve a principal and his law firm. Mr. Apothaker was not hired to collect the debt, nor did he hire Apothaker Scian to collect the debt. Instead, Mr. Apothaker acted on behalf of Apothaker Scian, who had been hired by Cavalry SPV I, LLC to collect the debt. As Mr. Apothaker is not alleged to have acted separate from his firm or found vicariously liable for the acts of Apothaker Scian, the case law that Ms. Santiago cites is inapposite, and the Court will deny Ms. Santiago's request

---

[26] *But see Petit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057 (7th Cir. 2000) (citing *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) ("Because [officers or shareholders] do not become "debt collectors" simply by working for or owning stock in debt collection companies, we held that the Act does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited instances where the corporate veil is pierced.").

[27] *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016) (discussing vicarious liability); *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612 (N.D. Cal. 2006); *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 378 (D. Minn. 2013).

[28] *Id.*

[29] *Id.*

for information regarding Mr. Apothaker's net worth. Further, because the document requests seek all of Mr. Apothaker's financial statements, federal, state, and local tax returns for the last four years, among other documents, the Court finds that the burden of this discovery outweighs its likely benefit.

V.  **CONCLUSION**

For the foregoing reasons, the informal motion to compel discovery is **granted in part and denied in part**. The motion to compel discovery from Mr. Apothaker is denied without prejudice. If necessary, the Court will re-examine this issue upon Ms. Santiago's urging after dispositive motions are decided.[30] As to Ms. Santiago's request for Apothaker Scian's balance sheets, Ms. Santiago's request for balance sheets from 2014 and 2015 is moot because Apothaker Scian has already provided those. Apothaker Scian has further agreed to produce the 2016 balance sheet within 14 days of its completion.

As to Ms. Santiago's request for financial statements, Apothaker Scian is ordered to produce its financial statements for years 2014, 2015, and 2016. Ms. Santiago's remaining discovery requests are denied.

**IT IS SO ORDERED**.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/27/2017 2:21:57 PM

---

[30] *See Petit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057 (7th Cir. 2000).

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.
cc: All parties
    File