UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

June 28, 2017

**LETTER ORDER- OPINION**

Re:   [D.E. 24, Plaintiff's Motion for Reconsideration]

   Santiago v. Apothaker Scian P.C. et al.
   Civil Action No. 16-cv-1432 (CCC-SCM)

Dear Litigants:

Before the Court is Plaintiff Norma I. Santiago's ("Ms. Santiago") motion for reconsideration of the Court's order granting in part and denying in part her informal motion to compel.[1] On March 6, 2017, the parties filed a joint dispute letter to the Court regarding their discovery dispute.[2] The Court held oral argument on the discovery dispute on April 24, 2017, and issued its Opinion and Order on April 27, 2017. The background of this case was fully described in the Court's original opinion[3] regarding the discovery dispute. For the reasons set forth below, and upon consideration of the parties' papers, Ms. Santiago's informal motion for reconsideration is **denied**.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."[4] Motions for reconsideration require the moving party

---

[1] (ECF Docket Entry No. ("D.E.") 24).

[2] (D.E. 20).

[3] (D.E. 23).

[4] *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotations omitted).

to set forth "concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked…."[5] "A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted 'sparingly.'"[6] The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.[7] To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[8]

A motion for reconsideration that merely raises a disagreement with the Court's decision should be denied.[9] The reconsideration process "should not provide the parties an opportunity for a second bite at the apple."[10] Nor should a motion for reconsideration be used to raise new issues

---

[5] *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

[6] *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (internal citations and quotations omitted).

[7] *Certain Underwriters at Lloyd's of London*, Civ. No. 10-1796, 2012 WL 2979037, at *1 (D.N.J. July 20, 2012) (citing *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999)).

[8] *Cole v. Guardian Life Ins. Co. of Am.*, 594 F. App'x 752, 756 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677).

[9] *Knight v. Kaminski*, 331 F. App'x 901, 905 (3d Cir. 2009); *see also Cole*, 594 F. App'x at 756 (denying motion for reconsideration where the movant "merely restated [his] earlier arguments [from the underlying motion].").

[10] *Tischio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 532 (D.N.J. 1998).

with the benefit of "the hindsight provided by the court's analysis."[11] On a motion for reconsideration, parties are not permitted to restate arguments that the court has already considered.[12]

Ms. Santiago's brief in support of her motion for reconsideration mainly cites the same arguments she made in her papers and at oral argument when the Court was first considering the discovery dispute. Her dissatisfaction with this Court's prior determination is not a valid ground for seeking reconsideration, and this Court will not rehash its conclusions regarding each of Ms. Santiago's points of re-argument. In the instant motion, Ms. Santiago neither argues that there has been an intervening change in the law, nor that new evidence compels a result different from the one this Court previously reached. Nor does she argue that this Court overlooked any dispositive factual or legal matter that was presented to it. Ms. Santiago merely cites more cases to support her previous argument that had been before the Court, and re-argues why the Defendant's position is wrong.[13]

The new case that Ms. Santiago now cites to, *Piper v. Portnoff Law Associates*, is not intervening case law.[14] *Piper* was available to Ms. Santiago at the time she filed her discovery

---

[11] *Leja v. Schmidt Mfg., Inc.,* No. 01-5042 (DRD), 2008 WL 1995140, at * 3 (D.N.J. May 6, 2008); *see also United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) (efforts to expand "reargument to include matters that were not presented before the court in the original motion, but that were submitted after the motion has been decided have been rejected.").

[12] *Certain Underwriters*, 2012 WL 2979037, at *1 (citing *G-69*, 748 F. Supp. At 275).

[13] Rather than meeting the reconsideration standard which requires a showing of one of three factors, Ms. Santiago reargues the original dispute, addressing Defendants' positions. *See* (D.E. 24), at 3,4 (stating "Defendants attempt to sway;" "Defendants failed to consider;" "Nor did Defendants address…").

[14] *Piper v. Portnoff Law Asociates*, 274 F. Supp. 2d 681, 690 (E.D. Pa. 2003).

dispute letter, and at the time the Court heard oral argument. Ms. Santiago did not cite to or rely on *Piper* at that time, among the seventeen or so cases she cited in her portion of the discovery dispute letter. She also did not cite to the six "cases around the country addressing this issue" that she now raises, none of which are precedential for this Court or intervening case law.[15]

"The purpose of a motion for reconsideration is not to permit parties to go back and research their argument after the Court's decision in order to reargue their position citing different case law."[16] Ms. Santiago has not provided any grounds for reconsideration of the Court's Order. Even if the Court were to consider *Piper*, which is not precedential, the outcome would remain the same. In *Piper*, the Court denied the defendants' motion for partial summary judgment, stating that individual defendants who signed or authorized debt collection letters and were involved in the day to day operations of a debt collection agency *may* be held liable for the agency's actions.[17] The Court did not enunciate a new rule, and even if the Court had done so, such a new rule would only be considered persuasive authority. As the Third Circuit made clear, in *Pollice v. National Tax Funding*, the question of who can be vicariously liable for a partnership's conduct under the Fair Debt Act depends on the factual circumstances at issue in the case.[18] The Third Circuit did

---

[15] *See* (D.E. 20, at 5-6) (citing cases). All cases cited were published in the years 1994 to 2011.

[16] *Certain Underwriters*, at *2 (citing *Tischio*, 16 F.Supp.2d at 532).

[17] *Piper*, 274 F. Supp. 2d at 689-90 (emphasis added).

[18] *See Pollice v. National Tax Funding*, L.P., 225 F.3d 379, 405 (discussing that a general partner *may* be held vicariously liable for the partnership's conduct, and holding that liability for the general partner is "particularly appropriate *under the facts of this case*.") (emphasis added). The Third Circuit's holding in *Pollice* is distinguishable from this case, which involves a professional corporation and not a partnership. The Third Circuit has not articulated any rule with respect to shareholders, principals, or owners of a professional corporation, but only with

not enunciate a general rule that a principal or owner of a professional corporation is individually liable for the debt collection activities of the professional corporation. Furthermore, the Court is not determining liability in the instant action, but whether discovery regarding Mr. Apothaker's net worth is proportional to the needs of this case. Because the discovery request sought all of Mr. Apothaker's financial statements, federal, state, and local tax returns for the last four years, among other documents, and because there is no case law showing that the benefit of such discovery outweighs the burdens, the Court's finding that the requested discovery is not proportional to the needs of the case is not altered by the cases that Ms. Santiago cites.

For the reasons discussed above, this Court finds that Ms. Santiago has failed to articulate a legitimate basis for reconsideration. Specifically, she has not established: (1) there has been an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest justice. Ms. Santiago's motion for reconsideration is therefore **DENIED**.

**IT IS SO ORDERED.**

*Steve C. Mannion*
Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/28/2017 9:49:16 AM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.
cc: All parties
    File

---

respect to a general partner of a partnership.