# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**STEVEN C. MANNION**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
(973) 645-3827

October 11, 2017

## LETTER ORDER-OPINION

Re: **Santiago v. Apothaker Scian P.C. et al.**
**Civil Action No. 16-cv-1432 (CCC-SCM)**

Dear Counsel:

Before the Court is Defendant, David J. Apothaker's request for a limited protective order over his deposition.[1] The parties previously requested guidance regarding this deposition,[2] and were directed to proceed with depositions in accordance with Rules 26 and 30.[3] The parties were further directed to file letter briefs addressing Rules 26 and 30 in the context of the present dispute within 14 days, or by September 1, 2017.[4] Mr. Apothaker filed his letter brief on September 1, 2017. Plaintiff, Norma I. Santiago, did not file a letter brief on September 1, 2017, nor did Plaintiff file any opposition to Mr. Apothaker's letter request for a protective order.

---

[1] (ECF Docket Entry No. ("D.E.") 38).

[2] (D.E. 35).

[3] (D.E. 36).

[4] *Id.*

The Court previously denied Ms. Santiago's request to obtain written discovery regarding Mr. Apothaker's net worth, as the Court found that the burden of the discovery outweighed its likely benefit.[5] Ms. Santiago appealed the Court's ruling, and the appeal is pending.[6] Mr. Apothaker now requests a protective order forbidding Ms. Santiago from asking questions during deposition relating to Mr. Apothaker's personal financial information, on the grounds that such information is irrelevant, unnecessary, harassing, and would create an undue burden on Defendants.

Federal Rule of Civil Procedure 26(c)(1)(D) states:

> [t]he court may, for good cause, issue [a protective] order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:…(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

The Court finds that there is good cause for a protective order to prohibit inquiry into Mr. Apothaker's net worth. Discovery closed on September 1, 2017.[7] In the interest of efficiency, and to prevent annoyance, embarrassment, oppression, and undue burden or expense, the Court finds that a limited protective order is warranted. Inquiries into personal finances, when such finances are irrelevant, have the potential to annoy, embarrass, and oppress the individual being deposed. The Court finds this to be the case here because the Court previously found that Mr. Apothaker acted on behalf of Apothaker Scian, and net worth discovery on Apothaker Scian has already been

---

[5] (*See* D.E. 23, Opinion and Order).

[6] (D.E. 31).

[7] (D.E. 19).

obtained.  The Court also notes that Mr. Apothaker's request for protective order was not opposed by Ms. Santiago.

A protective order will allow the parties to proceed with Mr. Apothaker's deposition and finish discovery.  If Ms. Santiago's appeal is decided in her favor, Ms. Santiago may seek leave of the Court at that time, for additional deposition time of Mr. Apothaker on the limited subject of his net worth, in accordance with the decision of the Court on appeal.  If the appeal is not decided in her favor, then the parties will not have stalled discovery by proceeding with Mr. Apothaker's deposition under a limited protective order.  The Court notes that this course of action is most efficient.

For the reasons discussed above, this Court finds that there is good cause for a limited protective order to prohibit inquiry into Mr. Apothaker's personal finances.  Mr. Apothaker's informal request for protective order is therefore **GRANTED.**

**IT IS SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/11/2017 3:25:15 PM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.
cc: All parties
    File

3